# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Terry Berkley, et al. | Case No. 1:06cv606 |
|     Plaintiffs | Judge Michael R. Barrett |
| | Magistrate Judge Timothy Hogan |
| v. | |
| Merrill Lynch, et al. | |
|     Defendants. | |

## ORDER

This matter is before the Court pursuant to Plaintiffs' motion to vacate three NASD Arbitration Panel Final Decisions (Doc. 1). Each Defendant responded (Doc. 15 and 16). Plaintiffs filed a joint reply brief (Doc. 17). This matter is now ripe for review. Having considered the evidence before this Court, for the reasons set forth below, the Motion to Vacate is DENIED.

I.    Background Facts

Plaintiffs, Terry Berkley, Allyson Berkley (collectively "Berkleys"), the 1992 Samuel Harris Family Trust, the Charlotte Harris Trust (collectively "Harris Trusts") and the Harris Berkley Sirking & Kruger PS Trust ("HBSK Trust"), request that this Court vacate three National Association of Securities Dealers (NASD) arbitration panel final decisions in NASD case numbers 05-04195 (Harris Trusts matter), 05-04196 (Berkleys matter), 05-04250 (HBSK Trust matter) and issue an order requiring a complete rehearing.

Each Plaintiff was introduced to Marc N. Jaffe in either 1999 or 2000 and then invested various amounts of money with Mr. Jaffe while he was employed at Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") and then when he was with Morgan Stanley

Dean Witter ("Morgan Stanley").  The Harris Trusts initially transferred approximately Two Million Five Hundred Thousand Dollars to Marc Jaffe and Defendants.  The investment objective of each Trust was conservative growth.  Thereafter, the accounts were over-concentrated in unsuitable, speculative and highly volatile securities by Jaffe and Defendants.  The Harris Trusts allege that as a result of Jaffe and Defendants' decisions the account values sustained losses of One Million Four Hundred Sixty-Four Thousand Three Hundred Dollars.

The Berkleys also maintained accounts with Jaffe and Defendants and assert the same claims.  The Berkleys transferred Seven Hundred Eighty-Nine Thousand Three Hundred Thirty-Two Dollars to Jaffe and Defendants.  These accounts sustained losses of Two Hundred Ninety-Six Thousand Thirty-Seven Dollars.

The HBSK Trust is a profit sharing plan for a professional dental group.  The HBSK Trust initially transferred approximately Three Million Dollars to Jaffe and Defendants.  The HBSK Trust makes the same allegations as the other Plaintiffs.  This account suffered losses of Two Million Four Hundred Eighty-Six Thousand Six Hundred Thirteen Dollars.

Unbeknownst to Plaintiffs, Mr. Jaffe began to accumulate an extensive disciplinary history in 2001.  According to his CRD report, customers had filed at least 24 complaints against Jaffe, including alleging unsuitable investments, excessive trading, churning, negligence, negligent supervision on the part of his employing brokerage firms, breach of fiduciary duty, and violations of various state securities laws. Apparently, Jaffe used a "one size fits all" approach to investing by purchasing large amounts of volatile technology, internet, and other speculative stocks.  Jaffe left Merrill Lynch and moved to Morgan Stanley in March of 2001.  Plaintiffs were not aware of these allegations against Jaffe and

continued their business with him at Morgan Stanley.

In August of 2005, the Plaintiffs filed the three arbitration actions against Merrill Lynch and Morgan Stanley for the inappropriate conduct and activities of Jaffe and the Defendants. Each claim sought the following relief: recommending and implementing unsuitable investments, recommending and implementing unsuitable trading activities, churning, negligence, misrepresentations and omissions of material information, violations of the NASD conduct rules, violations of NYSE rules, breach of contract, breach of fiduciary duty/constructive fraud, respondeat superior, negligent supervision, common law fraud and misrepresentation, and Violations of the Indiana Securities Act[1]. The arbitration panels were selected by the parties and the panels in the Berkleys matter and the Harris Trusts matter were identical. The HBSK Trust panel was comprised of two different arbitrations, however, it was chaired by C. William Swinford, Jr., who also chaired the other panels.

Each Defendant filed a motion to dismiss in each arbitration matter. After the motions to dismiss were fully briefed, a telephonic hearing was conducted with counsel for the parties and the arbitration panel in the Berkleys matter and the Harris Trusts matter on May 23, 2006. On June 16, 2006 the panel issued a decision in each case dismissing the claim with prejudice. A telephonic hearing was conducted with counsel for the parties and the arbitration panel in the HBSK Trust matter on June 9, 2006. Also, on June 16, 2006 that panel issued a decision dismissing the claims against Merrill Lynch with prejudice but overruling Morgan Stanley's motion to dismiss. Thus, HBSK Trust's claim against Morgan

---

[1] Mr. Jaffe was an Indiana broker.

Stanley was the only claim to survive. No reasoning was set forth in any of the decisions.

II. <u>Arguments</u>

First, Plaintiffs argue that the arbitrator panels ("arbitrators" or "panels") demonstrated a manifest disregard of the law by failing to follow Ohio legal precedent. In particular, the arbitrators completely disregarded *NCR Corp. v. CBS Liquor Control*, 874 F. Supp. 168 (S.D. Ohio 1993), aff'd on other grounds sub nom. *NCR Corp. v. SAC-CO, Inc.,* 43 F.3d 1076 (6th Cir. 1995), which held statutes of limitations in Ohio inapplicable to arbitrations. Furthermore, Plaintiffs argue that the arbitrators also completely disregarded the Indiana Securities Act which provides a three year statute of limitations that begins to accrue upon actual knowledge of a violation of the act. Next, Plaintiffs argue that the panels engaged in misconduct when they denied Plaintiffs a hearing. Plaintiffs, therefore, did not have an opportunity to put forth evidence as to the merits of their claims or even to the factors relevant to statutes of limitations, such as evidence needed to determine when those statutes accrued, tolled or lapsed. Plaintiffs then argue that the arbitrators exceeded their powers and imperfectly executed their powers by not holding a hearing and by dismissing Plaintiffs' claims with prejudice where the NASD Code of Arbitration Procedure Rule 10305 only allows for dismissal without prejudice. Finally, Plaintiffs argue that the arbitration panels' decisions were ambiguous, inconsistent and arbitrary on their face as the claims against Morgan Stanley in the HBSK Trust matter survived and the exact claims in the Berkleys matter and the Harris Trusts matter were dismissed with prejudice.

Defendants counter that the statute of limitations is applicable and that the Plaintiffs' claims are time barred as the losses suffered were obvious and Plaintiffs received account

4

statements showing the activity in their accounts and the performance of such accounts. Defendants further counter that the panels did not exceed their powers as NASD Rule 10214 specifically provides that, "[t]he arbitrator(s) shall be empowered to award any relief that would be available in court under the law."  Thus, dismissal with prejudice was an acceptable result.  Additionally, Defendants argue that the panels did not exceed their powers as the NASD Rules do not require an "in person" hearing and allow for a pre-hearing conference to address "any other matters that will expedite the arbitration proceedings." NASD Rule 10321.  Defendants also argue that the panels did not engage in misconduct as a hearing was held and Plaintiffs were not cut off from presenting any arguments or evidence to the panel.  Finally, Defendants argue that the decisions were not ambiguous, inconsistent or arbitrary as it is clear that the decisions were based upon statute of limitations grounds.  Morgan Stanley also notes that although the claims' of the HBSK Trust against it survived, this could have been the result of a the panels interpreting the facts differently.  Morgan Stanley also points out that no award has been entered by the arbitrators against Morgan Stanley in the HBSK Trust matter, thus, making any determination by this Court premature.

III.    Jurisdiction

This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.  Plaintiffs are citizens of Ohio while Defendants are both incorporated in the State of Delaware and maintain their principle place of business in the State of New York.  The amount in controversy exceeds $75,000.

IV.    Standard of Review

The relevant sections of the Federal Arbitration Act allow federal courts to vacate

an arbitration award "where the arbitrators were guilty of misconduct in refusing to ... hear evidence pertinent and material to the controversy... or where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." 9 U.S.C. §10(a)(3) and (4).  However, this review is extraordinarily limited.  *Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc.*, 894 F.2d 862, 866 (6th Cir. 1990).  "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Warren v. Tacher*, 114 F. Supp. 2d 600, 602 (D. Ky. 2000) *quoting United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 98 L. Ed. 2d 286, 108 S. Ct. 364 (1987).

In addition, the Sixth Circuit has held that a federal court may also vacate an arbitration award when the arbitrators act in manifest disregard of the law meaning "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Jacada v. International Marketing Strategies*, 401 F.3d 701, 712 (6th Cir. 2005).  This is a very narrow standard, "one of the narrowest standards of judicial review in all of American Jurisprudence." *Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 429 F.3d 640, 643 (6rh Cir. 2005).  A mere error in interpretation or application of the law will not suffice.  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995).  "Rather, the decision must fly in the face of clearly established legal precedent." *Id.*

The *Jaros* Court then further explained the standard.  "Where, as here, the arbitrators decline to explain their resolution of certain questions of law, a party seeking to

have the award set aside faces a tremendous obstacle. If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside." *Id. citing Storer Broadcasting Co. v. American Fed'n of Television and Radio Artists*, 600 F.2d 45 (6th Cir. 1979).

The relevant section of the Arbitrators' decision, dated June 16, 2006, is as follows: "The panel, having heard arguments of counsel, having reviewed the entire record herein, and being otherwise sufficiently advised, hereby ORDERS and ADJUDGES that the Motions of the Respondents, Merrill Lynch and Morgan Stanley, to dismiss Claimant's Statement of Claim with prejudice are SUSTAINED." See Berkley Ex. 9[2]

V.      Analysis

    A.      Manifest Disregard of the Law

Plaintiffs argue that the arbitrators demonstrated a manifest disregard of the law by failing to follow Ohio legal precedent. In particular, Plaintiffs argue that the arbitrators completely disregarded *NCR Corp. v. CBS Liquor Control*, 874 F. Supp. 168 (S.D. Ohio 1993), aff'd on other grounds sub nom. *NCR Corp. v. SAC-CO, Inc.,* 43 F.3d 1076 (6th Cir. 1995), which held statutes of limitations inapplicable to arbitrations. Plaintiffs also argue that the arbitrators completely disregarded the Indiana Securities Act which provides a

---

[2]The decision as to the Harris Family Trust is not in the Exhibit Book; however, the award is identical to that in the Berkley Exhibit Book. Additionally, the decision in the HBSK Trust states, "The panel, having heard arguments of counsel, having reviewed the entire record herein, and being otherwise sufficiently advised, hereby ORDERS and ADJUDGES that the Motion of the Respondent, Merrill Lynch to dismiss Claimant's Statement of Claim with prejudice are SUSTAINED and the Motion of the Respondent, Morgan Stanley, to dismiss the Claimants' statement of claim with prejudice is hereby OVERRULED." See HBSK Trust Ex. 9.

7

three year statute of limitations that begins to accrue upon actual knowledge of a violation of the act.

As stated above, the Sixth Circuit has held that a federal court may vacate an arbitration award when the arbitrators act in manifest disregard of the law meaning "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Jacada v. International Marketing Strategies*, 401 F.3d 701, 712 (6th Cir. 2005). The problem facing the Plaintiffs is that *NCR Corp. v. CBS Liquor Control*, 874 F. Supp. 168 (S.D. Ohio 1993) is not a clearly defined legal principle. *NCR Corp.* has not been treated as controlling law by any other Court. In addition, *Jaros, supra* and *First Family Financial Services Inc. v. Mollett*, 2006 U.S. Dist. LEXIS 25561 (E.D.K.Y.) have indicated that a statute of limitations, albeit it a federal one, would be applicable in an arbitration proceeding. Furthermore, the applicable NASD Rule 10304 states that "[n]o dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy... This Rule shall not extend applicable statutes of limitations."

Although it is clear from the record before this Court that no witness testimony was heard, Counsel for Plaintiffs did argue that the statute of limitations, even if applicable, was tolled. As best stated by Judge Bunning, "The arbitrator was presented with conflicting theories on the statute of limitations, not a clearly defined legal principle that he ignored." *First Family Financial Services Inc. v. Mollett*, 2006 U.S. Dist. LEXIS 25561, *23. Thus, based upon the narrow standard of review, this Court is unable to find a manifest disregard

of the law.

As to the Indiana Securities Act's three year statute of limitations that begins to accrue after Plaintiffs' have actual knowledge of the existence of a violation, it is plausible that the panels considered the arguments of counsel and the statements of the claims to come to a determination that Plaintiffs' had actual knowledge more than three years prior to the filing of the arbitration claim. The facts show that each Plaintiffs knew their accounts were losing money in 2001 when their accounts were transferred to Morgan Stanley. Plaintiffs argue that this does not mean that the Plaintiffs knew that Jaffe and the Defendants were being negligent at that time, only that the market was not performing favorably. Although, the Court finds this argument to be a plausible one, it is not a manifest disregard of the law for the panels to find otherwise.

Additionally, it is plausible for the panels to find that the common law claims alleged are also time barred as it has been held that such claims fall within the time limitations set forth in the Ohio Securities Act, O.R.C. §1707.43. See *Ware v. Kowars*, 200 Ohio App. LEXIS 199, p12 (Ohio Ct. App. Jan. 25, 2001); *Wuliger v. Owings*, 365 F. Supp.2d 838, 851-852 (N.D. Ohio 2005).

B.  Misconduct

Plaintiffs contend that the panels engaged in misconduct when by denying Plaintiffs a hearing, arguing that they did not have an opportunity to put forth evidence as to the merits of their claims or even to the factors relevant to statutes of limitations, such as evidence needed to determine when those statutes accrued, tolled or lapsed. However, the Plaintiffs do admit that oral arguments were heard via a telephonic hearing. There is no indication in the record that Plaintiffs were not permitted to submit affidavits in support

of their memorandum in opposition to the motions to dismiss. Since the panels did not issue a detailed opinion, there is no evidence that the panels did not treat the facts, as set forth in the statements of claims or as argued by counsel, as true for purposes of ruling on the motions to dismiss.

      C.      Exceeded Powers and Imperfectly Executed Powers

Plaintiffs then argue that the arbitrators exceeded their powers and imperfectly executed their powers by not holding a hearing and by dismissing Plaintiffs' claims with prejudice where the NASD Code of Arbitration Procedure Rule 10305 only allows for dismissal without prejudice. For the same reasons set forth above, the Court does not find that the panels exceeded their powers or imperfectly executed their powers by failing to hold a hearing. Additionally, the Court finds that the telephonic hearing was, in fact, held. *See Warren v. Tacher*, 114 F. Supp. 2d 600, 602-603 (D. Ky. 2000)(Petitioners had a hearing as they were given adequate opportunity to respond to Bear Stearns motion to dismiss and they did so. They were also represented by counsel at oral arguments.)

Although NASD Rule 10305 does permit dismissal without prejudice, Rule 10214 says that panels "shall be empowered to award any relief that would be available in court under the law. Plaintiffs, citing *Ohio Office of Collective Bargaining v. Ohio Civil Service Employees Association*, 59 Ohio St. 3d 177 (1991), argue that the panels imposed an additional term not expressly provided for by the rules. However, it is clear that a pre-hearing motion to dismiss may be granted. *See Warren v. Tacher*, 114 F. Supp. 2d 600, 602 (D. Ky. 2000). "Courts have recognized the authority of NASD arbitrators to decide pre-hearing dismissals for failure to state a claim under the NASD Code." *Warren v.*

*Tacher*, 114 F. Supp. 2d 600, 602 (D. Ky. 2000) *citing Prudential Securities, Inc. v. Dalton,* 929 F. Supp. 1411, 1417 (N.D.Okla. 1996); *Max Marx Color & Chemical Co. Employees' Profit Sharing Plan v. Barnes*, 37 F. Supp. 2d 248 (S.D.N.Y. 1999). Furthermore, such dismissals may be with prejudice so long as it does not deny a party fundamental fairness. *Reinglass v. Morgan Stanley Dean Witter*, 2006 Ohio 1542, P17 (Ohio Ct. App. 2006) *citing Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001); *Warren v. Tacher* (W.D. KY 2000), 114 F.Supp.2d 600, 602-603. Because Plaintiffs responded to the motions to dismiss and participated in oral arguments at the telephonic hearing, this Court can not find that Plaintiffs were denied fundamental fairness. *See Sheldon,* 269 F.3d at 1206.

    D.    Ambiguous, Inconsistent and Arbitrary

Finally, Plaintiffs argue that the arbitration panels' decisions were ambiguous, inconsistent and arbitrary on their face as the claims against Morgan Stanley in the HBSK Trust matter survived and the exact claims in the Berkleys matter and the Harris Trusts matter were dismissed with prejudice. First, as to Merrill Lynch, the three panels were clear and consistent in their decisions, thus the Court can not find a reason to vacate the award. And, although, the panel in the HBSK Trust matter did not grant Morgan Stanley's motion to dismiss, it, too, can not be found to be ambiguous, inconsistent and arbitrary. Although this Court does question why the claims against Morgan Stanley were allowed to survive in the HBSK Trust matter and not in the other matters, "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Warren v. Tacher*, 114 F. Supp. 2d 600, 602 (D. Ky. 2000) *quoting*

11

*United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 98 L. Ed. 2d 286, 108 S. Ct. 364 (1987). Furthermore, since the matter is still pending in arbitration against Morgan Stanley it is not appropriate for the Court to rule on the interlocutory decision at this time.

VI.    <u>Conclusion</u>

Plaintiffs' motion to vacate the three NASD Arbitration Panel Final Decisions is hereby DENIED. The Clerk of Court is directed to terminate this matter from the docket of this Court.

**IT SO ORDERED.**

<i>s/Michael R. Barrett</i><br>
Michael R. Barrett, Judge<br>
United States District Court